UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    RESPONDENT/PLAINTIFF

v.                                          CRIMINAL ACTION NO. 3:14CR-3-RGJ-3

JESSE K. TODD                                                    MOVANT/DEFENDANT

## MEMORANDUM OPINION

By Order entered April 12, 2018 (DN 311), the Court recharacterized Movant/Defendant Jesse K. Todd's *pro se* "Motion for a Direct Appeal" (DN 287) as a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence (DN 312). The Court further granted Movant's motion for an extension of time to file an amended § 2255 motion, allowing him 60 days from the date of entry of that Order to file an amended § 2255 motion.

The copy of the Court's April 12, 2018, Order sent to Movant at the Lexington Federal Medical Center, his address of record, was returned to the Court by the U.S. Postal Service marked "Return To Sender, Not Deliverable As Addressed, Unable To Forward" and stamped "Return To Sender, Inmate Not At This Facility" (DN 318). Movant's copy of a subsequently entered Text Order reassigning this case to the undersigned was also returned to the Court by the postal service (DN 320). A review of the Federal Bureau of Prisons (BOP) website indicates that Movant was released from the BOP on April 4, 2018. See https://www.bop.gov/inmateloc/.

Upon filing the instant action, Movant assumed the responsibility of keeping this Court advised of his current address and of actively litigating his claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Movant

apparently is no longer housed at his address of record, and he has not advised the Court of a change of address. Therefore, neither notices from this Court nor filings by the United States can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure[1] authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Movant has failed to comply with this Court's Local Rules by failing to provide written notice of a change of address, the Court concludes that this case must be dismissed for lack of prosecution. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.").

---

[1] Under Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rules Governing § 2255 Proceedings, Rule 12, 28 U.S.C. foll. § 2255.

The Court will enter a separate Order of dismissal.

Date:

cc: Movant/Defendant, *pro se*
 U.S. Attorney
A961.005